## UNITED STATES DISTRICT COURT
### District of Colorado

| | | |
|---|---|---|
| **Jerry Smith**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**True Security, Inc.**<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CA No: 1:19-cv-3616<br><br><br>Class and Collective Action<br>Jury Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Jerry Smith ("**Plaintiff**") brings this action individually and on behalf of all others similarly against True Security Inc. ("**Defendant**") and in support shows the Court the following:

1. **STATEMENT OF THE CASE**

    1.1. The federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., (the "**FLSA**"), the Colorado Wage Claim Act, §8-4-101, et seq. (the "**Wage Claim Act**"), the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., as implemented by the Colorado Minimum Wage Order (the "**Minimum Wage Act**") contain various rules regarding employee wages and working hours. Defendant violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Defendant for these wage violations.

2. **PARTIES, JURISDICTION, AND VENUE**

    2.1. Plaintiff, a former employee of Defendant, is an individual and resident of the State of Colorado.

2.2. Defendant is a corporation doing business in Colorado. The corporate office for Defendant is 10555 E. Dartmouth Ave., Suite 340. Aurora, Colorado 80014.

2.3. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.4. Plaintiff requests that this Court exercise its supplemental jurisdiction over the Colorado state law claims. 28 U.S.C. § 1367.

2.5. Venue is proper under 28 U.S.C. §1391(b).

3. **FACTUAL BACKGROUND**

3.1. Defendant is a service company providing security services to various commercial businesses in Colorado. Defendant is in the commercial support service industry as defined in the Wage Claim Act.

3.2. Plaintiff worked for Defendant as a security guard providing security services to commercial firms in Colorado.

3.3. Although Plaintiff was required to work overtime hours, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all these overtime hours. Given the nature of Plaintiff's work, no overtime exemption applies to Plaintiff.

3.4. For example, during the week of January 8, 2019 through January 15, 2019 Plaintiff worked 58 hours. He was paid straight time for 50 hours at $16.00 per hour and overtime for only 8 of those hours at $24.00 per hour. Plaintiff should have been paid at the overtime rate for all 18 hours over 40 worked in that workweek.

3.5. It was a routine practice of Defendant not to pay overtime of all hours over 40 in a workweek. All of the security guards employed by Defendant were subject to this illegal policy.

3.6. Plaintiff and the Class Members also worked over 12 hours in a day without being paid overtime.

4. **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

   4.1. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

   **All security guards employed by Defendant beginning three years prior to the date of the filing of this lawsuit.**

   4.2. This action is properly brought as a class action for the following reasons:

   4.2.1. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds fifty.

   4.2.2. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

   4.2.3. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   4.2.4. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   4.3. Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Defendant's common practice, policy or plan regarding employee wages and hours.

5. **FIRST CLAIM FOR RELIEF – Collective Action (Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

   5.1. Plaintiff incorporates by reference all of the above paragraphs.

5.2. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

5.3. Defendant is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

5.4. At all relevant times, Defendant has had gross annual volume of sales in excess of $500,000.

5.5. At all relevant times, Defendant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

5.6. Plaintiff was an employee of Defendant within the meaning of the FLSA.

5.7. While employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce.

5.8. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

   5.8.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

   5.8.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

   5.8.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

   5.8.4. The United States postal system to send mail across state lines; and

   5.8.5. the interstate banking systems to pay Defendant's employees.

5.9. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

5.10.  As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

6. **SECOND CLAIM FOR RELIEF – Class Action (Violation of the Colorado Wage Claim Act, §8-4-101, et seq.)**

   6.1. Plaintiff incorporates by reference all of the above paragraphs.

   6.2. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Wage Claim Act.

   6.3. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

   6.4. Plaintiff was an employee of Defendant within the meaning of the Wage Claim Act.

   6.5. Defendant violated the Wage Claim Act as implemented by the Wage Order, when it failed to pay Plaintiff and others overtime wages for hours worked over forty in each given workweek. 7 CCR 1103-1(4).

   6.6. Defendant violated the Wage Claim Act as implemented by the Wage Order, when it failed to pay Plaintiff and others overtime wages for hours worked over twelve in each given work day. 7 CCR 1103-1(4).

   6.7. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

   6.8. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current Defendant employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

7. **THIRD CLAIM FOR RELIEF – Class Action (Violation of the Colorado Minimum Wage Act, §8-6-101, et seq.)**

7.1. Plaintiff incorporates by reference all of the above paragraphs.

7.2. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

7.3. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

7.4. Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

7.5. Defendant failed to pay overtime as required by the Minimum Wage Act.

7.6. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

7.7. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## 8. DOCUMENT PRESERVATION

8.1. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## 9. REQUEST FOR RELIEF

9.1. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Defendant as follows:

9.1.1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

9.1.2. Ordering prompt notice of this litigation to all potential Class Members;

9.1.3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

9.1.4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

9.1.5. Awarding Plaintiff and the Class Members all penalties available under the Wage Act and the Minimum Wage Act;

9.1.6. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

9.1.7. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties/interest as provided by law; and

9.1.8. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, Preservation of Documents, ABA Civil Discovery Standards (Aug. 2004). This duty "applies to information stored in an electronic medium or format..." Id. at Standard 29.

- Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.

Plaintiff's Class and Collective Action Complaint
Page | 9