## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-03616-NRN

JERRY SMITH, individually and on behalf of all those similarly situated,

       Plaintiff,

v.

TRUE SECURITY, INC., a Colorado Corporation,

       Defendant

---

## STIPULATION FOR DISMISSAL

---

Plaintiff and Defendant by undersigned counsel, having reached a settlement in this matter stipulate that all claims and potential counterclaims be dismissed, with prejudice, as between Plaintiff and Defendant, without prejudice as to the alleged putative class and collective members as to Defendant, and with each side to be responsible for their own costs, expenses and attorneys' fees, pursuant to Fed.R.Civ.P. 41(a)(1)(ii).  As grounds therefor, and pursuant to *Slaughter v. Sykes Enterprises, Inc.* 2019 WL 529512 (D. Colo. 2019), parties state:

1.    <u>A Bona Fide Dispute Exists</u>:

   a.    The dispute is whether Plaintiff was accurately compensated for overtime work where.

   b.    Defendant's business is the provision of security guard services and Plaintiff was employed as a security guard.

   c.    Plaintiff's justification for the dispute is that he would sometimes receive paystubs showing him having worked more than 40 hours for a particular seven-day period,

but was not paid overtime for the time in excess of 40 hours.

d.   Defendant disputes Plaintiff's claim because Plaintiff frequently requested and was granted paychecks earlier than the Defendant's normal payroll dates. This resulted in a distortion of the Plaintiff's regular hours worked for a given pay period because the Defendant's payroll software was not designed to accommodate such requests. Defendant's normal payroll disbursement dates are on the 1st and 15th of each month. When Plaintiff would request an early paycheck, all of Plaintiff's regular hours would be reported as of that date, including regular hours that he had worked for the second 7-day work cycle, which would make it falsely appear he was exceeding 40 hours for a 7-day work cycle, but not being paid overtime. Because of Plaintiff's frequent conduct in asking for deviations from the Defendant's regular pay periods, Defendant contends Plaintiff is not representative of others in any supposed class or collective under the requirements enunciated in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Additionally, Plaintiff was on the honor system to accurately report when he arrived at a job site and when he left. In the Scheduling Order, Defendant reserved the right to obtain a forensic image of Plaintiff's cell phone in order to access the phone's location history. Defendant also served a litigation hold demand on Plaintiff's cell phone service provider, T-Mobile, in order to preserve for future acquisition Plaintiff's cell-tower signal data, as shown by Exhibit A.

e.   Defendant's calculation is that it has overpaid Plaintiff a few hundred dollars. Plaintiff has not made a separate calculation of his claimed damages but has determined that, under the circumstances, if he is owed overtime pay, the amount

would be *de minis.*

2.    <u>A Fair and Equitable Settlement Has Been Reached</u>:

a.    Counsel have worked candidly with one another with a full and fair exchange of information and documents in order for each to make an informed decision regarding settlement, the terms of which are set forth in Exhibit B hereto.

b.    Serious questions of law and fact do not exist.

c.    The value of an immediate recovery by the Plaintiff outweighs the mere possibility of future relief after protracted discovery.

d.    The judgment of the parties is that this is a fair and reasonable settlement.

3.    <u>The Attorney Fees Are Reasonable</u>:

a.    The attorney fees are a matter resolved between Plaintiff and his counsel.

b.    Defendant does not dispute the reasonableness of the attorney fees and believes that conducting a loadstar analysis would result in an expense to the parties that would likely exceed the amount of the settlement and, therefore, would be unwarranted.

4.    Accordingly, the parties request that the Court approve the settlement.

DATED this 19th day of March, 2020.

> THE LAW OFFICE OF CHRIS R.
>  MILTENBERGER, PLLC
>
>
> */s/ Chris R. Miltenberger, Esq.*
> Chris R. Miltenberger, Esq.
> 1360 N. White Chapel, Suite 200
> Southlake, Texas 76092
> *Attorney for Plaintiff*

PREEO SILVERMAN GREEN & EGLE, P.C.


*/s/ Jersey M. Green, Esq.*
Jersey M. Green, Esq.
Preeo Silverman Green & Egle, P.C.
6465 Greenwood Plaza Blvd., Suite 1025
Centennial, Colorado 80111
Phone: (303) 296-4440
Fax: (303) 296-3330
jgreen@preeosilv.com
*Attorneys for Defendant*